FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 26  AM 10: 23

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY TAYLOR | CIVIL ACTION |
| VERSUS | NO. 05-2120 |
| CITY OF NEW ORLEANS ET AL. | SECTION "R" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Leroy Taylor, is a prisoner currently incarcerated in the Orleans Parish prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against OPP, the City of New Orleans, the Orleans Parish Criminal District Court, Orleans Parish Criminal District Court Judge Lynda Van Davis (erroneously identified by plaintiff as "Linda Van David"), Orleans Parish Criminal Sheriff Marlin N. Gusman (erroneously identified by plaintiff as "Marlon Gusmal"), OPP Warden William Hunter and an unnamed assistant district attorney. Taylor alleges that he has been housed in OPP although his plea agreement with Judge Davis and the district



attorney provided for his sentence to be served in a Department of Corrections ("DOC") facility. Record Doc. No. 1, Complaint at ¶ IV.

Specifically, Taylor alleges in his complaint that on March 1, 2005, he "entered into a plea agreement with Criminal District Judge [Davis] and the District Attorney [providing] that once [he] plead guilty to the charges, plaintiff would serve the sentence in the Department of Corrections. As of today, May 25, 2005, plaintiff still resides at the Orleans Parish Prison which offers none of the benefits the Department of Corrections provides." Id. at ¶ IV.

Plaintiff does not seek his release and does not challenge his underlying conviction or the fact of his confinement. Instead, he challenges the manner in which his sentence is being imposed and seeks transfer to a DOC facility and monetary damages. Specifically, in his demand for relief, plaintiff states that he "would like this Honorable Court to rule in favor of plaintiff and grant the plaintiff immediate right to be relocated to the Department of Corrections and the sum of $30,000 (Thirty Thousand dollars) for damages caused by (sic) plaintiff." Id. at ¶ V.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been

filed in forma pauperis. 28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section

3

1915(d) standard is not." <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

II.   <u>JUDICIAL IMMUNITY</u>

Plaintiff's claims against Judge Davis are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citing <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." <u>Ammons v. Baldwin</u>, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); <u>accord</u> <u>Mays</u>, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. <u>Stump</u>, 435 U.S. at 356-57; <u>Pierson v. Ray</u>, 386 U.S. 547, 554

---

[1] Pro se civil rights complaints must be broadly construed, <u>Moore</u>, 30 F.3d at 620, and I have broadly construed the complaint in this case.

4

(1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

Taylor's claims against Judge Davis clearly arise from actions taken by the judge in connection with plaintiff's criminal proceedings in the Orleans Parish Criminal District Court, actions well within the judge's jurisdiction and clearly a function of her judicial role. Therefore, these claims are based on a meritless legal theory, fail to state a claim upon which relief can be granted and are asserted against a defendant who is immune from the requested relief. All claims against Judge Davis must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

III.   PROSECUTORIAL IMMUNITY

An unnamed assistant district attorney apparently has also been named as a defendant based solely upon his actions as a prosecutor in connection with state court criminal proceedings against Taylor. To the extent that Taylor asserts claims against this defendant in his individual capacity, he is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the

identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Butz v. Economou, 438 U.S. 478, 510 (1978)).

In the instant case, the actions of a prosecutor in the district attorney's office concerning criminal charges against Taylor in Orleans Parish form the exclusive basis of plaintiff's claims against him. The district attorney's actions in initiating and pursuing the prosecution of Taylor fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all claims against the assistant district attorney in his individual capacity must be dismissed.

## IV.   HECK APPLICATION TO SECTION 1983 CLAIMS

Taylor seeks monetary damages and an order transferring him to a DOC facility. As to either of these forms of relief, however, his claims must be dismissed at this time. The Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for

> damages bearing that relationship to a conviction or <u>sentence</u> that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or <u>sentence</u>; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or <u>sentence</u> has already been invalidated.

<u>Id.</u> at 486-87 (footnote omitted) (emphasis added).

Plaintiff's claims concerning the alleged violation of his plea agreement are connected to the validity of his sentence in that he challenges the place of his present confinement. <u>Heck</u>, 512 U.S. at 479; <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1997); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994).

Taylor's complaint indicates that he pled guilty on March 1, 2005 and that, at the time of filing this complaint, he was in custody in OPP. Record Doc. No. 1, Complaint at p. 3. His sentence and continuing confinement in OPP have not been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for damages or other relief that plaintiff asserts concerning his sentence and continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## V. NO RIGHT TO TRANSFER

Even if Taylor's claims were not barred by immunity doctrines and/or Heck, his complaint still would fail to state a claim of violation of his constitutional rights cognizable under Section 1983. Taylor's complaint is that his rights have been violated because he is confined in OPP rather than in a DOC facility. He seeks immediate transfer to a DOC facility. It is clear that a prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski, 55 F.3d at 162; Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

Constitutionally protected liberty interests may be created not only by the Constitution itself but also by state law. However, not every state statute creates a liberty interest protected by the Constitution and cognizable under Section 1983. On the contrary, a state statute creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. Olim, 461 U.S. at 249; Jackson, 864 F.2d at 1250.

9

Thus, state statutes that vest officials with broad discretion to carry out their official functions do <u>not</u> create constitutionally protected interests that may form the basis for an action under Section 1983. See <u>Olim</u>, 461 U.S. at 249-50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); <u>Merit v. Lynn</u>, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

In the instant case, Taylor's claim that he is entitled to be housed in a DOC prison facility rather than in OPP is governed by the related Louisiana statutes, La. Rev. Stat. § 15:566(B) and 15:824(B), that set forth the circumstances under which prisoners convicted of state criminal offenses are to be sent to DOC facilities from parish jails, and the myriad exceptions under which they may remain in parish facilities. These statutes vest extremely broad discretion in the DOC officials who are responsible for the placement of state prisoners. As one Louisiana appellate court stated, in interpreting La. Rev. Stat. § 15:824 and vacating the order of a trial judge who attempted to require that the DOC remove convicted state prisoners from OPP to a DOC facility,

> This statute clearly envisions that the Department of Corrections <u>may be unwilling or unable</u> to take physical custody of prisoners sentenced to hard labor. In such an event, the department is obligated to pay the local sheriff or jailer for the costs of keeping such a prisoner . . . . The legislature

by these enactments has manifested a <u>clear intent to leave the physical placement of prisoners within the jurisdiction of the DOC alone</u>.

<u>State v. Sylvester</u>, 648 So.2d 31, 33 (La. App. 4th Cir. 1994) (emphasis added).

Thus, the State of Louisiana by its broadly discretionary statutes has <u>not</u> created a protected liberty interest in being housed in a particular prison or being transferred from OPP to a DOC facility. Taylor has no constitutional right to be housed in a DOC prison facility, under either the Constitution or state law. This claim is legally frivolous and fails to state a cognizable Section 1983 claim.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted, or because it seeks monetary relief against an immune defendant under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 25th day of August, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE